THOMAS BROWN, #237579

       Petitioner,

                                  Civil No: 08-CV-11020
                                  Honorable Lawrence P. Zatkoff
                                  Magistrate Donald A. Scheer

v.

STATE OF MICHIGAN, et. al.,

       Respondents.

_____/

## OPINION & ORDER SUMMARILY DISMISSING
## PETITION FOR WRIT OF HABEAS CORPUS WITH PREJUDICE

This matter is before the Court on Petitioner Thomas Brown's *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §§2241 and 2254. Petitioner is currently an inmate at Parr Highway Correctional Facility in Adrian, Michigan, and he is challenging the 1992 amendments to the Michigan Parole Board statutes and procedures used in the parole review process. Petitioner claims that the change in the statute constitutes an illegal and unconstitutional alteration of the law governing Michigan's parole policies and procedures which: (1) violates the Ex Post Facto Clause under the Michigan and United States' Constitutions; (2) adversely modifies an inmate's punishment; (3) increases an inmate's period of incarceration; and (4) violates Petitioner's rights under the Due Process Clause. For the reasons that follow, the Court will dismiss the petition.

## I.  STANDARD

Rule 4, Rules Governing Section 2254 cases, provides that the Court shall promptly examine a petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." If the court determines that the petitioner is not

entitled to relief, the court shall summarily dismiss the petition. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). If, after preliminary consideration, a court determines that the petitioner is not entitled to relief, the court must summarily dismiss the petition. *Allen v. Perini,* 424 F.2d 134, 141 (6th Cir. 1970)(district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. See *Carson v. Burke,* 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition for writ of habeas corpus will be dismissed.

## II. DISCUSSION

Petitioner alleges that the 1992 parole amendments violate several provisions of the Michigan Constitution, as well as the Ex Post Facto Clause of the United States Constitution. As an initial matter, the Court notes that the United States Supreme Court has definitively held that there is no right under the United States Constitution of a lawfully convicted person to be conditionally released before the expiration of a valid sentence. See *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex,* 442 U.S. 1, 7 (1979). See also *Kentucky Dep't of Corr. v. Thompson,* 490 U.S. 454, 460 (1989). Simply stated, there is no federal constitutional right to parole. See *Gavin v. Wells,* 914 F.2d 97, 98 (6th Cir. 1990).

While there is no federal constitutional right to parole, the Supreme Court has held that a convicted person may have a liberty interest created by a state's laws, and that such liberty interest is subject to constitutional protection. See *Kentucky Dep't of Corr. v. Thompson,* 490 U.S. at 460, citing *Hewitt v. Helms,* 459 U.S. 460, 466 (1983). In deciding whether a liberty interest arises under the laws of a State, a court must closely examine the language of the State's relevant statutes and

2

regulations. *Id.* at 461. "Stated simply," the Supreme Court explained, "a State creates a protected

liberty interest by placing substantive limitations on official discretion." *Id.* at 462, quoting *Olim v.*

*Wakinekona,* 461 U.S. 238, 249 (1983). As the Supreme Court further advised:

> A state may do this in a number of ways . . . the most common manner in which a
> State creates a liberty interest is by establishing "substantive predicates" to govern
> official decision-making . . . and, further, by mandating the outcome to be reached
> upon a finding that the relevant criteria have been met.

*Id.,* citing *Hewitt v. Helms,* 459 U.S. at 472. In order to find that a liberty interest arises under a

State's laws, the Supreme Court has required "that the regulations contain 'explicitly mandatory

language,' *i.e.*, specific directives to the decisionmaker that if the regulations' substantive predicates

are present, a particular outcome must follow." *Id.,* quoting *Hewitt v. Helms,* 459 U.S. at 471-72.

Applying these standards, the Michigan Court of Appeals and the courts within the Sixth

Circuit have concluded that a liberty interest in parole does not arise under Michigan law. See *Hurst*

*v. Dep't of Corr. Parole Bd.,* 119 Mich. App. 25, 29; 325 N.W.2d 615 (1982); *Caldwell v. McNutt,*

158 Fed. Appx. 739, 740-41 (6th Cir. 2006); *Juarez v. Renico,* 149 F.Supp.2d 319, 322 (E.D. Mich.

2001). The *Hurst* court found that Michigan's parole statute provides that a prisoner shall not be

released until his minimum term of imprisonment has been served, but that it allows an early parole

as an exception to the minimum term provision. *Hurst v. Dep't of Corr. Parole Bd.,* 119 Mich. App.

at 29. While the statute provides factors for the Parole Board to consider, it does not mandate parole

if certain criteria are met. *Id.* The Michigan Court of Appeals concluded that Michigan's parole

statute "creates only a hope of early release," rather than a right to release. *Id.* As Petitioner has

no protected liberty interest in parole, any due process claim that he is entitled to parole is not

cognizable on federal habeas review. Moreover, Petitioner has not shown that he is being held

3

beyond the expiration of his sentence.

Furthermore, to the extent that Petitioner asserts that the 1992 parole amendments violate several provisions of the Michigan Constitution, he has also failed to state a cognizable federal habeas claim. In order to demonstrate that he is entitled to habeas corpus relief, Petitioner must show that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254. Petitioner, however, alleges various violations of the Michigan Constitution in his pleadings. "[F]ederal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers,* 497 U.S. 764, 780 (1990); see also *Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991). Accordingly, Petitioner is not entitled to relief on his claims concerning perceived violations of the Michigan Constitution, or any other state laws.

Lastly, Petitioner asserts that the 1992 parole amendments violate the Ex Post Facto Clause of the United States Constitution. Case law provides the following:

> The Ex Post Facto Clause of the Constitution, U.S. Const. art. I §§9 and 10, forbids the government from passing any law "which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed." *Weaver Graham,* 450 U.S. 24, 28 (1981) (internal quotation omitted). "To fall within the ex post facto prohibition, two elements must be present: (1) the law must apply to events occurring before its enactment, and (2) it must disadvantage the offender affected by it." *United States v. Reese,* 71 F.3d 582, 585 (6th Cir. 1995). "Retroactive application of parole provisions falls within the ex post facto prohibition if such an application creates a 'sufficient risk of increasing the measure of the punishment attached to the covered crimes.'" *Dyer v. Bowlen,* 465 F.3d 280, 285 (6th Cir. 2006), quoting *Garner v. Jones,* 529 U.S. 244, 250 (2000).
>
> A petitioner challenging the retroactive application of parole provisions can sustain his or her burden in one of two ways. *Michael v. Ghee,* 498 F.3d. 372, 384 (6th Cir. 2007). "First, [petitioners] can establish an ex post facto violation if they can show that the [challenged parole provisions], on their face, show a significant risk of increased incarceration" *Id.* Second, "[w]hen the [challenged parole provision] do[es] not by [its] own terms show a significant risk, the [petitioner] must demonstrate, by evidence drawn from the [provision's] practical implementation by the agency charged with exercising discretion, that its retroactive application will

4

result in a longer period of incarceration than under the earlier rule." *Garner v. Jones,* 529 U.S. at 255.

*Rouse v. Lafler,* No. 06-10724, 2007 WL 4239209, *3 (E.D. Mich. December 3, 2007) (Duggan, J).

In this case, Petitioner has not indicated how or to what extent the 1992 parole amendments have disadvantaged him. He has set forth no facts and presented no evidence which shows that he has been prejudiced by enactment or application of the 1992 parole amendments. Conclusory allegations, without evidentiary support, do not provide a basis for habeas relief. See *Workman v. Bell,* 160 F.3d 276, 287 (6th Cir. 1998); see also *Zettlemover v. Fulcomer,* 923 F.2d 284, 301 (3rd Cir. 1991) (bald assertions and conclusory allegations do not provide a basis for an evidentiary hearing in habeas proceedings).

Petitioner cites *Foster Bey v. Rubitschun,* No. 05-71318 (E.D. Mich. October 23, 2007) (Battani, J), in support of his ex post facto argument. In that case, Judge Battani found an ex post fact violation with regard to prisoners sentenced to "parolable" life terms based on the combined effect of several statutory amendments. *Foster Bey* does not support Petitioner's cause. First, *Foster Bey* is a class action which applies specifically to inmates serving parolable life sentences who committed cries prior to October 1, 1992. By contrast, Petitioner is not serving a parolable life sentence, but rather is serving an indeterminate sentence of 15 - 35 years' imprisonment. Second, most of the 1992 parole amendments deal with lifers, not prisoners serving indeterminate sentences. See *Morey v. Rubitschun,* No. 07-10747, 2008 WL 795657, *4 (E.D. Mich. March 25, 2008) (Duggan, J.). Third, Petitioner, unlike the plaintiffs in *Foster Bey*, has not presented any factual allegations or evidence in support of his ex post facto claim.

## III. CONCLUSION

For the reasons stated, the Court concludes that habeas relief is not warranted on Petitioner's claims and the petition will be DISMISSED.

IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus **[Doc. #1]** is **DISMISSED WITH  PREJUDICE.**

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  July 3, 2008

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on July 3, 2008.

s/Marie E. Verlinde
Case Manager
(810) 984-3290